UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES EDWARD WHITFIELD,

Petitioner,

v.

MARTY C. ANDERSON, Warden, FCI-Sandstone, Minnesota,

Respondent.

Civil No. 01-594 (PAM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner James Edward Whitfield's *pro se* application and supporting memorandum for habeas corpus relief under 28 U.S.C. § 2241 [Docket Nos. 1, 2]. On April 11, 2001, the undersigned filed an order requiring Respondent to show cause why the writ should not be granted [Docket No. 4]. On April 23, 2001, Respondent filed a Response to the petition, requesting that Petitioner's application for habeas relief be denied. [Docket No. 5].

These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied.

## I. PROCEDURAL HISTORY

On January 8, 1988, Petitioner was interviewed by agents of the FBI in relation to a December 23, 1987 bank robbery; Petitioner was in custody at the Ramsey County Jail at the time [Docket Nos. 2, 5, Ex. 1]. Defendant was informed of his Miranda rights,[1] Petitioner signed a form indicating that he waived his rights under Miranda [Docket No. 5, Ex. 1]. Petitioner was arrested in relation to the bank robbery and, on February 5, 1988, a hearing was held to determine whether

[1]See Miranda v. Arizona, 384 U.S. 436 (1966).

FILED AUG 29 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

Petitioner's statements to the FBI were admissible. Petitioner attended the hearing.[2] On February 11, 1988, Federal Magistrate Judge, Floyd E. Boline found that Petitioner "was fully advised of his Miranda rights, that he made a knowing and intelligent waiver of those rights, and that his statement was made freely and voluntarily" [Docket No. 5, Ex. 1]. The Report and Recommendation made no reference to 18 U.S.C. § 3501, a federal law regarding the admissibility of confessions made voluntarily by criminal defendants. Id. No objections were made to the Report and Recommendation and it was adopted by the presiding judge on March 14, 1988 [Docket No. 5, Ex. 2]. Evidence of Petitioner's statements were offered by the government at trial and the Petitioner was convicted [Docket No. 2].

Petitioner's conviction was affirmed on appeal. See United States v. Whitfield, 874 F.2d 591 (8th Cir. 1989). Petitioner did not appeal the admission of his statements in evidence. On November 26, 1993, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence on the grounds that he was denied his Sixth Amendment right to confront adverse witnesses, that he was denied his right to effective counsel at trial and at sentencing, and that he was erroneously classified as a career offender [Docket No. 5]. On May 2, 1994, Petitioner's motion was denied. Id. The order was affirmed on appeal. See Whitfield v. United States, 54 F.3d 783 (8th Cir. 1995). On May 27, 1998, Petitioner filed a motion for a writ of error coram nobis. The Court treated the motion as a motion to vacate the sentence pursuant to 28 U.S.C. § 2255; the Court denied the motion because it was filed without prior approval by the Court of Appeals as provided in 28 U.S.C. § 2244. Id.

On June 26, 2000, the United States Supreme Court decided that 18 U.S.C. § 3501 was

---

[2]Petitioner disputes that he attended the hearing, but he does not assert this alleged procedural irregularity as the basis for any relief [Docket No. 2]; in addition, he did not appeal his subsequent conviction on this ground [Docket No. 5]. The Report and Recommendation filed in relation to this hearing indicates that the Petitioner was present with counsel [Docket No. 5, Ex. 1].

unconstitutional. See Dickerson v. United States, __ U.S. __, 120 S.Ct. 2326 (2000). The Petitioner filed the instant petition for a writ of habeas corpus, arguing that the Dickerson decision entitles him to relief.

## II. DISCUSSION

### A. Form of Action

The Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner was convicted of violating a federal law. He was sentenced in this district by the presiding judge in this matter; accordingly, Petitioner could have commenced this action pursuant to 28 U.S.C. § 2255. See United States v. Hayman, 342 U.S. 205, 215, 72 S.Ct. 263, 270 (1952). He is incarcerated within this district; accordingly, Petitioner is also required to seek habeas relief in this district. Id. at 213, at 269. The Respondent argues that this matter should be dismissed because a petition for a writ of habeas corpus is "not the appropriate vehicle for the petitioner to bring his challenge" [Docket No. 5].

The Court agrees. "A challenge to a federal conviction, like this one, is most appropriately brought as a motion under 28 U.S.C. § 2255." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). However, the Court is not bound by the label attached to the remedy pursued, but rather a duty exists to exercise jurisdiction on the basis of the factual circumstances involved in a case. Burns v. United States, 321 F.2d 893, 896 (8th Cir. 1963)(construing petition for a writ of error coram nobis as a motion to vacate sentence pursuant to 28 U.S.C. § 2255). Thus, though Petitioner seeks habeas corpus relief, the Court may treat it as a motion under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876 (5th Cir. 2000); Haugh v. Booker, 210 F.3d 1147 (10th Cir. 2000); Papadakis v. Warden of Metro. Correctional Ctr., 822 F.2d 240 (2nd Cir. 1987); Miller v. United States, 564 F.2d 103 (1st Cir. 1977); Yeaman v. United States, 326 F.2d 293 (9th Cir. 1963); Miller v. United

States, 239 F.2d 407 (4th Cir. 1956). However, as shown below, no matter how the petition is construed, the Petitioner is not entitled to any relief at this time.

**B. Habeas Corpus**

The Supreme Court observed that the sole purpose of 28 U.S.C. § 2255 "was to minimize the difficulties encountered in habeas corpus proceedings by affording the same rights in another and more convenient forum." Hayman, 342 U.S. at 219, 72 S.Ct. at 272. However, 28 U.S.C. § 2255 preserves the rights to seek habeas corpus relief if a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of detention." 28 U.S.C. § 2255. It is the Petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective. Lurie, 207 F.3d at 1078. A § 2255 motion is not inadequate or ineffective just because a § 2255 motion has already been denied, permission to file a successive motion has been denied, or because the time within which to bring a motion has expired. Id. at 1077.

In neither his Petition nor his supporting Memorandum, does the Petitioner address whether relief pursuant to § 2255 is inadequate or ineffective. However, Petitioner has filed three motions in this matter; one of his motions appears to relate to this issue. In his Motion to Expedite, Petitioner cites Jeffers v. Chandler, 234 F.3d 277 (5th Cir. 2000) for the proposition that "§ 2255 does not 'afford Petitioner [a] reasonable opportunity to obtain a reasonable judicial determination of the fundamental legality of his conviction or sentence because his claim is based on a court decision which was issued after the prisoner had been convicted and had exhausted his opportunity for postconviction relief" [Docket No. 7]. Jeffers involved an individual who was convicted of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Over 20 years after Jeffers' conviction, the Supreme Court explained what a jury must find before convicting someone for violating 21 U.S.C. § 848. See Jeffers, 234 F.3d at 279 (citing Richardson v. United States, 526 U.S.

813, 119 S.Ct. 1707 (1999)). Jeffers alleged that he was wrongly convicted because the jury instructions given in his trial failed to meet the requirements in Richardson. After considering similar cases, the Jeffers Court determined that § 2255 relief was inadequate and permitted Jeffers to seek habeas corpus relief.

Jeffers is distinguishable from this case. In Jeffers, the Richardson decision conflicted directly with the way the law had been applied in Jeffers' earlier trial; the holding in Richardson revealed a fundamental inadequacy in Jeffers' conviction. Leaving aside the question as to whether the Supreme Court's ruling in Dickerson can be applied retroactively,[3] Dickerson provides no analogous insight into the conviction of the Petitioner. Dickerson held that 18 U.S.C. § 3501 was unconstitutional because it was in conflict with the Court's ruling in Miranda. Dickerson had not been given a Miranda warning prior to being interrogated. Pursuant to 18 U.S.C. § 3501, Dickerson's statements were admitted. In contrast, the Petitioner *was* given a Miranda warning and the Court *did not* rely on 18 U.S.C. § 3501 in its decision to admit the statements. In short, the Dickerson decision does not reveal any inadequacies in Petitioner's conviction. Thus, Petitioner's reliance on Jeffers is misplaced.

Petitioner has failed to demonstrate that 28 U.S.C. § 2255 does not provide adequate or effective relief.[4] Accordingly, the Court should construe this petition not as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but instead as a motion for relief pursuant to 28 U.S.C.

---

[3]Respondent argues that the holding in Dickerson cannot be applied retroactively because it does not fit within either of the exceptions addressed in Teague v. Lane, 489 U.S. 288, 311, 109 S.Ct. 1060, 1075-1076 (1989).

[4]However, should the Court conclude that Petitioner may proceed pursuant to 28 U.S.C. § 2241, the Petition should be dismissed. Proceeding to the merits of Petitioner's claim, Dickerson is distinguishable from the Petitioner's case. Even in light of Dickerson, Petitioner's conviction and continued detention does not violate the United States Constitution and habeas corpus relief is not warranted.

§ 2255.[5]

**C. 28 U.S.C. § 2255**

Construing the Petition as a motion for relief pursuant to 28 U.S.C. § 2255, the Court recognizes that denial of the motion is appropriate. Petitioner filed a § 2255 motion in 1993. Section 2255 states that a second or successive motion under that section must be certified by the appropriate court of appeals as provided in 28 U.S.C. § 2244. See 28 U.S.C. § 2255. The court of appeals must certify that the motion presents newly discovered evidence that, if true and taken in light of the evidence in the case as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. Id. In the alternative, the court of appeals must certify that the motion implicates a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id. Petitioner's argument would appear to be that the Supreme Court's holding in Dickerson entitles him to relief under 28 U.S.C. § 2255. Petitioner is required to present this argument regarding Dickerson to the Eighth Circuit before seeking relief from the District Court. Because he has failed to do so, this entire matter should be dismissed for lack of subject matter jurisdiction over the motion. See United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998); United States v. Avila-Avila, 132 F.3d 1347 (10th Cir. 1997); Pratt v. United States, 129 F.3d 54 (1st Cir. 1997); Nelson v. United States, 115 F.3d 136 (2nd Cir.1997).

**D. Remaining Motions**

Since commencing this action, Petitioner has filed Motions to Strike the Response of the Government, to Expedite Habeas Corpus Proceedings, and to Admit United States Attorney

---

[5]In his petition, the Petitioner also makes a demand for declaratory relief pursuant to 28 U.S.C. § 2201 [Docket No. 1]. This demand for relief is no different than his demand for habeas corpus relief and the Court may properly construe this demand for declaratory relief as a § 2255 motion as well. See Coronado v. United States, 341 F.2d 918 (5th Cir. 1965)

General's "Declaration" [Docket Nos. 6-8, respectively]. Having concluded that the Court lacks subject matter jurisdiction over this entire matter, these motions should be denied as well for lack of subject matter jurisdiction.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. The petition for writ of habeas corpus be DISMISSED for lack of subject matter jurisdiction [Docket No. 1];

2. All motions currently pending in this matter be DENIED for lack of subject matter jurisdiction [Docket Nos. 6, 7, 8].

Dated: August 29, 2001

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.