UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Edward Whitfield, Civ. File No. 01-594 (PAM/ESS)

Petitioner,

v. **ORDER**

Marty C. Anderson, Warden,

Respondent.

---

This matter is before the Court on Petitioner's objections to United States Magistrate Judge E.S. Swearingen's Report and Recommendation dated August 29, 2001. Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Based on that review and the Petitioner's arguments, the Court adopts the Report and Recommendation.

Petitioner objects to the Magistrate Judge's conclusion that his Petition, which is captioned as a 28 U.S.C. § 2241 petition, should be construed as a motion under § 2255. The Magistrate Judge determined that, because Petitioner had previously filed a § 2255 motion, he was required to seek permission from the Eighth Circuit Court of Appeals prior to filing the instant Petition. Petitioner did not seek such permission, and therefore pursuant to § 2244, the Court lacks jurisdiction to consider Petitioner's claims.

Petitioner argues that his confession in his underlying criminal proceeding was admitted pursuant to 18 U.S.C. § 3501, which was subsequently held unconstitutional.

FILED SEP 12 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 12 2001
DEPUTY CLERK

Dickerson v. United States, 120 S. Ct. 2326 (2000). As the Magistrate Judge noted, however, the Government did not seek to admit Petitioner's confession under § 3501, but rather relied on the fact that Petitioner had voluntarily waived his Miranda rights. Thus, even if the instant Petition was not a second or successive petition, Dickerson affords Petitioner no relief.

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c)(2). Based on that review and all the arguments of the parties, the Court ADOPTS the Report and Recommendation (Clerk Doc. No. 9). Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Clerk Doc. No. 1) is **DENIED**; and
2. All pending Motions in this matter (Clerk Doc. Nos. 6, 7, 8) are **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 11, 2001

Paul A. Magnuson
United States District Court Judge

SEP 12 2001

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# Please forward this announcement to the recipient of this fax.

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500