UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Edward Whitfield,

Petitioner,

Civ. File No. 01-594 (PAM/ESS)
Crim. File No. 3-88-7(1) (PAM)

v.

**ORDER**

Marty C. Anderson, Warden,

Respondent.

---

This matter is before the Court on Petitioner James Edward Whitfield's Application for a Certificate of Appealability to allow appeal of this Court's Order dated September 11, 2001. In that Order, the Court adopted the Report and Recommendation ("R&R") of Magistrate Judge E.S. Swearingen dated August 29, 2001. In the R&R, Magistrate Judge Swearingen recommended that this Court construe Whitfield's Petition, captioned as a 28 U.S.C. § 2241 petition, as a motion pursuant to 28 U.S.C. § 2255. Because Whitfield had previously filed a § 2255 motion, the Court agreed with the Magistrate Judge that Whitfield was required to seek permission from the Eighth Circuit Court of Appeals prior to filing the § 2255 Motion. Accordingly, this Court denied Whitfield's Motion.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner's appeal of a final order in a § 2255 action may not proceed unless a district or circuit judge issues a Certificate of Appealability. See 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).

MAR 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In order for a Certificate of Appealability to issue, a movant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citing Gordon v. Willis, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). Petitioner need not show that he should prevail on the merits, but rather that the issues are "debatable among jurists of reason" and that a court could resolve the issues differently. Barefoot, 463 U.S. at 893 n.4. If a court grants a Certificate of Appealability it must indicate which specific issue or issues satisfy the requisite showing. See 28 U.S.C. § 2253(c)(3); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

In his Motion, Whitfield asserted that his confession in his underlying criminal proceeding was admitted pursuant to 18 U.S.C. § 3501, which was subsequently held unconstitutional. Dickerson v. United States, 120 S. Ct. 2326 (2000). This Court agreed with the Magistrate Judge that the Government did not seek to admit Whitfield's confession under § 3501, but rather relied on the fact that Whitfield had voluntarily waived his Miranda rights. Thus, the Court determined that Dickerson afforded Whitfield no relief. Obviously, having denied his Motion, this Court does not believe that any of Whitfield's constitutional rights were violated. However, the Court finds that the issue of whether Whitfield's confession was admitted pursuant to § 3501 or whether Whitfield voluntarily waived his Miranda rights may be debatable among reasonable jurists. Therefore, Whitfield's request for a Certificate of Appealability is granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner James Edward Whitfield's Application for Certificate of Appealability (Clerk Doc. No. 13) is **GRANTED**; and

2. Petitioner may appeal this Court's denial of his Petition captioned as a 28 U.S.C. § 2241 petition in case number 01-594.

Dated: March 29, 2002

Paul A. Magnuson
United States District Court Judge