UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Edward Whitfield,

Petitioner,

v.

Marty C. Anderson, Warden,

Respondent.

Civ. File No. 01-594 (PAM/ESS)
Crim. File No. 3-88-7(1) (PAM)

**ORDER**

---

This matter is before the Court on Petitioner James Edward Whitfield's Application to Proceed Without Prepayment of Fees on appeal. The Court recently granted Whitfield's request for a Certificate of Appealability to allow appeal of this Court's Order dated September 11, 2001. Although Whitfield characterizes his case as a petition under 28 U.S.C. § 2241, which requires no certificate of appealability, the Court found as a matter of law that the case was in fact a motion under 28 U.S.C. § 2255, which requires a certificate of appealability. At the time the Court ruled on the Certificate of Appealability it was unaware of Petitioner's pending in forma pauperis ("IFP") application, thus requiring a separate ruling on the IFP application.

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford

APR 1 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he has no significant income or assets. Based on this information, the Court finds that Petitioner is financially eligible for IFP status. The Court further finds that the issues Petitioner seeks to raise on appeal are not legally "frivolous," and that Petitioner's appeal is taken in "good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Petitioner's IFP application will therefore be granted.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner James Edward Whitfield's Application to Proceed In Forma Pauperis on Appeal (Clerk Doc. No. 14) is **GRANTED**

Dated: April 19, 2002

Paul A. Magnuson
United States District Court Judge